**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

PAULA ZELESNIK,                                    Case No. 1:19-cv-978

      Plaintiff,

                                  Black, J.
      v.                                    Bowman, M.J.

SUMMIT BEHAVIORAL HEALTHCARE, et. al.,

      Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Cincinnati, Ohio brings this action against thirteen identified Defendants. By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of Plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

**I.      Analysis**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be

dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept

all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Prior to filing this case, between March 29, 2017 and October 17, 2018, Plaintiff filed a dozen lawsuits in this Court.[1] Virtually all of those cases have been dismissed as frivolous on initial screening, based upon Plaintiff's failure to state any claim under 28 U.S.C. § 1915(e)(2)(B).[2] Repeatedly, the undersigned has found Plaintiff's allegations to be "illogical and incomprehensible." (See, e.g., Doc. 6 at 3 in Case No. 1:18-cv-433; Case No. 1:17-cv-209, Doc. 4 at 3; Case No. 1:17-cv-211, Doc. 7 at 3; Case No. 1:17-cv-505, Doc. 4 at 3). U.S. Magistrate Judge LItkovitz has similarly found Plaintiff's complaints to be "rambling, difficult to decipher, and border[] on the delusional," with "no factual content or context from which the Court may reasonably infer that the defendants violated the

---

[1] *See, e.g.,* Case No. 1:17-cv-209-TSB-SKB; Case No. 1:17-cv-210-TSB-KLL; Case No. 1:17-cv-211-SJD-SKB; Case No. 1:18-cv-433-TSB-SKB; Case No. 1:18-cv-584-TSB-KLL; Case No. 1:18-cv-685-SJD-KLL; Case No. 2:18-cv-1101-MHW-EPD; Case No. 2:18-cv-1225-GCS-EPD; Case No. 2: 18-cv-1251-JLG-CMV; Case No. 1:17-cv-505-MRB-SKB; Case No. 1:17-cv-710-SJD-KLL; Case No. 1:18-cv-478-TSB-SKB.
[2] The sole exceptions are Case No. 2:18-cv-1101, which was transferred through an intradistrict transfer to Cincinnati and re-filed as 1:18-cv-685 before being dismissed as frivolous, and Case No. 1:18-cv-584, which was dismissed prior to screening based upon Plaintiff's failure to comply with a Court order directing her to either file an application to proceed in forma pauperis or the requisite filing fee.

plaintiff's rights."  (Case No. 1:17-cv-710, Doc. 4 at 3; Case No. 1:17-cv-210, Doc. 7 at 3).

Plaintiff's current complaint contains similar illogical, incomprehensible, and apparently delusional allegations.  Plaintiff appears to believe that she has been illegally held by the probate court against her will at the Summit Behavioral Health and refers to being "declared incompetent immediately and without cause by Judge Burch, John Rengering and Michael Welsh…."). However, she also includes multiple allegations that appear only tangentially related to being declared incompetent, are difficult to follow, and are devoid of descriptions of how various defendants may be involved.  (*See, e.g.*, Doc. 1-1 at 5, alleging that the Plaintiff "was not allowed to go to AA meetings.  I've been sober 26 years and in Al-Anon 36 years…."),.  Plaintiff does not identify a jurisdictional basis for her claim(s), but indicates that she is seeking "financial recompense of $15000,000,000 from each organization + state listed," as well as "all the protection orders that Judge Bachman through out the windows in 2016-2019… before he was fired," and for "all Judges + lawyers listed to be disbarred* immediately and permanently."  (Doc. 1-1 at 4).

Plaintiff's current complaint once again fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. §1915(e)(2)(B). To the extent that Plaintiff seeks to proceed against a state court judge or a prosecutor, those individuals are entitled to absolute immunity.  Likewise, this Court has repeatedly explained to Plaintiff in her prior cases that she cannot collect monetary damages from a state official or from a state agency because such damages generally are barred by the Eleventh Amendment.  Based on the strain on judicial resources caused by Plaintiff's persistence in filing legally frivolous cases that fail to state any federal claim, in Case No. 1:18-cv-478,

the undersigned wrote:

> [C]onsidering that this is Plaintiff's seventh frivolous case filed in this Court found to be subject to summary dismissal on initial screening, it is appropriate to put Plaintiff on notice and to warn her that she will be subject to sanctions if she continues to file such frivolous lawsuits with this Court, which sanctions will include, but not be limited to, a pre-filing restriction that would prohibit her from filing any additional complaints without leave of Court. *See Baldwin v. KeyCorp Bd. of Directors*, 2014 WL 2695502, at *1 (S.D.Ohio 2014).

(Doc. 4, Report and Recommendation filed July 20, 2018). U.S. District Judge Black adopted that recommendation, and on November 21, 2018, explicitly warned Plaintiff "that she will be subject to sanctions if she continues to file frivolous lawsuits with this Court. Sanctions may include, but are not limited to, a pre-filing restriction that would prohibit her from filing any additional complaints without leave of Court." (Doc. 6).

The above-captioned case represents Plaintiff's <u>thirteenth</u> lawsuit filed in this Court. Ten prior lawsuits were dismissed on initial screening for failure to state any claim, while two others were dismissed on initial review prior to screening. Consistent with the warning provided to Plaintiff in Case No. 1:18-cv-478, a pre-filing restriction is appropriate at this time.

In the instant case, and in multiple other cases filed by Plaintiff on a pro se basis, Plaintiff provides a return address that reads: "c/o Attorney William D. Bell." It remains unclear whether Plaintiff has any regular contact with Attorney Bell or with any other attorney. However, a pre-filing restriction that includes review by a licensed attorney is recommended.

### III. Conclusion and Recommendations

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief. It is further **RECOMMENDED** that the

Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. Finally, given that Plaintiff has now filed more than ten lawsuits that have been dismissed on initial screening for failure to state any claim, it is **RECOMMENDED** that the Court deem Plaintiff a **vexatious** litigator and enjoin her from filing any new actions without submitting a certification from an attorney who is licensed to practice in this Court or the State of Ohio, stating that there is a good faith basis for the claims Plaintiff seeks to assert.

                                           *s/ Stephanie K. Bowman*
                                        Stephanie K. Bowman
                                        United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

PAULA ZELESNIK,                                                    Case No. 1:19-cv-978

       Plaintiff,

                                           Black, J.
       v.                                                       Bowman, M.J.

SUMMIT BEHAVIORAL HEALTHCARE, et. al.,

       Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).